`IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                   Case No. 4:09-cr-16-SPM/WCS

ERIC RANNON ROWLS,

        Defendant.
_____/

**ORDER ON DEFENDANT'S MOTION TO SUPPRESS EVIDENCE**

NOW PENDING before the Court is Defendant's Motion to Suppress Evidence (doc. 13). The Government filed a response in opposition (doc. 32). On December 10, 2009, the Court conducted a hearing on Defendant's Motion. For reasons set forth below, Defendant's motion will be denied.

I.      BACKGROUND

Defendant was the subject of a narcotics investigation conducted by the Leon County Sheriff's Office. On December 9, 2008, a confidential informant placed a call to the Defendant to purchase crack cocaine and arranged to meet the Defendant at a Wal-Mart store. Leon County Sheriff's Deputy Wysocki was posted in an area near the Defendant's residence and stopped the Defendant's vehicle for driving in

excess of the speed limit. The Defendant was pulled over at a Murphy Gas Station in front of a Wal-Mart store. Sheriff's Deputies arranged for a narcotics detection dog to be brought to the scene, and the dog alerted to the presence of narcotics in the vehicle. A search of the vehicle confirmed the presence of crack cocaine, powder cocaine, marijuana, oxycodone, and ecstasy.

II.   DISCUSSION

Defendant argues that the drugs and money seized from his vehicle should be suppressed because he was not driving in excess of the speed limit. Even if the Deputies were motivated by another purpose, the traffic stop is constitutional so long as there existed probable cause of an actual traffic infraction. See Whren v. United States, 517 U.S. 806 (1996). The testimony of multiple Sheriff's Deputies reveals that Deputies paced the Defendant's vehicle and observed him traveling in excess of the speed limit prior to initiating the traffic stop. The traffic stop was therefore valid given the observed traffic violation.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion to Suppress Evidence (doc. 13) is DENIED.

**DONE AND ORDERED** this eighth day of January, 2010.

*s/Stephan P. Mickle*
Stephan P. Mickle
United States District Judge