IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

vs.                                        Case Nos.:    4:09cr16/RV/CAS
                                                         4:12cv114/RV/CAS

ERIC RANNON ROWLS[1]

---

## REPORT AND RECOMMENDATION

     This matter is before the court upon Defendant's amended motions to vacate, set

aside, or correct sentence pursuant to 28 U.S.C. § 2255 and supplement thereto (docs.

125, 135, 148), to which the Government has responded (doc. 137, 146).[2]  Defendant

has also filed a reply (doc. 138).  The case was referred to the undersigned for the

issuance of all preliminary orders and any recommendations to the district court

regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b)

and Fed. R. Civ. P. 72(b).  After a careful review of the record and the arguments

presented, it is the opinion of the undersigned that Defendant has not raised any issue

---

[1] The docket sheet reflects Defendant's name as Eric Rannon Rowls.  However, Defendant's middle name is actually "Rayonn" (doc. 28 at 2,4), and Defendant's signature where he has signed his middle name appears in accordance with that.  The court requested that the Government make the amendment (*id.* at 2), although no change is reflected in the record.  The PSR reflects Defendant's name as Eric Raynnon Rowls (doc. 100 at 2).

[2] The procedural history and exactly what remains pending in this case is set forth in more detail below.

requiring an evidentiary hearing and that the § 2255 motion should be denied. *See*

Rules Governing Section 2255 Cases 8(a) and (b).

## PROCEDURAL BACKGROUND[3]

Defendant was charged with three counts of distribution of (an unspecified

quantity) of cocaine base and possession with intent to distribute more than five (5)

grams of cocaine base, as well as cocaine, MDMA, oxycodone and marijuana (doc. 1).

The offense conduct in this case involved three controlled buys of small quantities of

crack cocaine and a traffic stop during which small quantities of multiple drugs were

seized (doc. 100, PSR ¶¶ 8–14). The traffic stop was conducted after Defendant, who

was under surveillance at the time due to an impending arranged drug transaction, was

"paced" traveling over the speed limit (PSR ¶ 14). Defendant filed a motion to suppress

the evidence seized during the traffic stop, and his motion was denied after an

evidentiary hearing (docs. 13, 32, 60, 72). The Government filed an Information and

Notice of Defendant's Prior Convictions listing three prior felony drug convictions (doc.

22).

A change of plea proceeding held before the then-presiding Magistrate Judge

resulted in a recommendation that the case proceed to trial because Defendant refused

to admit the essential elements of Count One of the indictment (*see* docs. 26, 28).

Defendant was represented throughout the proceedings by four different court-

appointed attorneys: Federal Public Defender Randolph Murrell, William Bubsey, Gary

---

[3] The factual basis for the offense conduct is set forth in the Presentence Investigation Report (doc. 100) and the Government's response (doc. 137) and is included herein only as necessary for resolution of the instant motion.

Printy and Richard Greenberg.  Defendant moved for Mr. Murrell's removal prior to trial due to alleged ineffectiveness (docs. 34), and Mr. Bubsey and Mr. Printy discovered conflicts of interest (docs. 39, 43).

After a two day jury trial, Defendant was convicted on Counts Two, Three, and Four (doc.78).  With respect to Count One, the jury's verdict indicated "not decided" (doc. 78).  The Government moved to dismiss that count at sentencing (doc. 103 at 13).

The Presentence Investigation Report ("PSR") was disclosed to the defense on March 11, 2010 (doc. 84, 100).  Defendant had been found in the possession of various quantities of cocaine base, powder cocaine, MDMA and oxycodone, the marijuana equivalent of which was 299.95 kilograms of marijuana  (doc. 100 (PSR) at ¶ 15).  The corresponding base offense level was 26, but it was reduced by two levels to 24 due to the involvement of cocaine base in the offense (PSR ¶ 22).  Defendant was a career offender due to prior convictions and thus his offense level was 37 (PSR ¶ 28). Because there were no adjustments, his total offense level remained 37 (PSR ¶ 30). Defendant's criminal history category was VI regardless of whether it was calculated using his criminal history points or § 4B1.1(b) of the guidelines (PSR ¶ 51).  The applicable guidelines range was 360 months to life imprisonment.  However, because the statutorily authorized maximum sentence on counts two and three was less than the maximum of the applicable guideline range, the guideline sentence became 360 months (PSR ¶ 75).

No objections to the PSR remained for court resolution at sentencing (PSR ¶¶ 94–95; doc. 103 at 4).  Defendant acknowledged his three prior felony drug convictions

(doc. 103 at 2–3), and counsel argued that the career offender calculation greatly overstated the appropriate sentence in a case involving a man who was essentially a street-level drug dealer (*id.* at 6–8). The court sentenced Defendant to a term of 360 months imprisonment (*see* docs. 90, 91).

Defendant appealed, claiming that the district court erred in denying his motion to suppress drugs and cash discovered during a traffic stop (doc. 110). The Eleventh Circuit found no error and affirmed (*id.*), and the United States Supreme Court denied certiorari on March 9, 2011 (doc. 113); <u>United States v. Rowls</u>, 402 F. App'x 467 (11th Cir. 2010), *cert. denied* 131 S.Ct. 1622 (2011).

Defendant timely filed his initial § 2255 motion on March 5, 2012[4] (doc. 122). Defendant's first ground for relief was identified only as "ineffective assistance of counsel" and in the space designated for supporting facts, Defendant referenced an attached memorandum of law (doc. 122 at 3). Defendant was instructed to file an amended motion, and warned that pursuant to Local Rule 15.1, the amendment must incorporate all of his claims, because any matters not set forth in the amended pleading are deemed to have been abandoned (doc. 123 at 2). Defendant complied in a timely fashion, filing an amended motion without a supporting memorandum (doc. 125), and the Government was directed to respond (doc. 127).

---

[4] A pro se inmate's pleading is deemed filed at the time it is placed in the prison mailbox or delivered to prison authorities for mailing. *See* <u>Houston v. Lack</u>, 487 U.S. 266 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule"); <u>Williams v. McNeil</u>, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing); <u>Washington v. United States</u>, 243 F.3d 1299, 1301 (11th Cir. 2001) (absent evidence to the contrary, court assumes that a pro se petition is delivered to prison authorities for mailing the date it was signed).

Before the Government had the opportunity to file its response, Defendant filed a motion to amend his § 2255 motion (doc. 131), which was granted (doc. 133). Defendant filed a pleading titled "Petitioner timely files his motion to amend pursuant to the Court(s) order permitting him opportunity to supplement his § 2255 application to vacate, set aside the judgment to correct the conviction and sentence" that was not on the proper § 2255 form (doc. 135).  This pleading was construed as Defendant's second amended motion (*see* doc. 139), and Defendant's first amended motion (doc. 125) was administratively terminated.  In the interim, however, the Government filed its response in which it addressed all of Defendant's pending claims from the three motions he had filed (doc. 137).[5]  Defendant then filed a handwritten "motion to amend and clarify issues raised" (doc. 144), to which the Government responded pursuant to court order (*see* docs. 145, 146).  Shortly thereafter, Defendant filed a "motion to supplement § 2255 petition based upon recent decision(s) announced by the Supreme Court of the United States" (doc. 147) and a typewritten "motion to amend and clarity [sic] issues raised pursuant to 28 U.S.C. [sic]" (doc. 148).  The court granted the former motion, construing it as a motion to take judicial notice (doc. 149).  In the same order, the court noted that Defendant's most recent "motion to amend and clarify" appeared intended to supersede the previous motion to amend (doc. 144) and granted the motion (doc. 149).

The court notes that in accordance with the Local Rules, if Defendant's July 2012 submission is construed as Defendant's second amended § 2255 motion, it was subject

---

[5]  Although Defendant did not resubmit his accompanying memorandum of law with the amended motion, the Government references the memorandum in its response.

to the requirement of being presented on the proper court form.  N.D. Fla. Loc. R. 5.1(J)(2).  Furthermore, in accordance with Local Rule 15.1, any matters not set forth therein are deemed to have been abandoned.  Upon review of the file, the court notes that Defendant was not reminded of the admonishments of Local Rule 15.1 before he filed the second amended motion (*compare* docs. 123, 139).  Therefore, the court will consider the claims raised in Defendant's initial amended motion (doc. 125) (as supplemented by his amended motion to amend (doc. 148)), even though this motion has been administratively terminated and is thus no longer "pending," as well as the claims in the "second amended motion," to the extent they are viable.

Defendant raises four grounds for relief in his original amended motion (doc. 125):

> 1.  Ineffective assistance of counsel–failure to investigate and obtain witnesses for trial;
> 2.  Ineffective assistance of counsel–conflict of interest due to counsel's friendship with investigator;
> 3.  Ineffective assistance of counsel– failure to object to taped conversations; and
> 4.  Ineffective assistance of counsel failure to object to ambiguity in calculation of sentencing guidelines

He raises three grounds for relief in his second amended motion (doc. 135):

> 1.  Prosecutorial Misconduct and Rule 29(a) violation
> 2.  Ineffective assistance of counsel during sentencing and on appeal
> 3.  Ineffective assistance of counsel – Misleading advice about guilty plea

In his most recent supplement, Defendant states that he wishes "to dismiss both issue six and seven because neither of these issues have merit" (doc. 148 at 14).  Defendant appears to refer to issues one and two from the second amended motion, as he offers supplemental argument for each of the remaining issues (*see also* doc. 137 at 3). Thus,

based on the court's decision to consider the claims in Defendant's initial amended (and terminated) motion, there are five claims remaining for the court's consideration. The Government opposes Defendant's request for relief on each of these claims.

**LEGAL ANALYSIS**

<u>General Legal Standards</u>

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); <u>McKay v. United States</u>, 657 F.3d 1190, 1194 n. 8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" <u>Lynn v. United States</u>, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The "fundamental miscarriage of justice" exception recognized in <u>Murray v. Carrier</u>, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal. <u>Rozier v. United States</u>, 701 F.3d 681, 684 (11th Cir. 2012); <u>United States v. Nyhuis</u>, 211 F.3d 1340, 1343 (11th Cir. 2000); <u>Mills v. United States</u>, 36 F.3d 1052, 1056 (11th Cir. 1994);

United States v. Rowan, 663 F.2d 1034, 1035 (11th Cir. 1981).  Once a matter has

been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a

collateral attack under section 2255.  Nyhuis, 211 F.3d at 1343 (quotation omitted).

Broad discretion is afforded to a court's determination of whether a particular claim has

been previously raised.  Sanders v. United States, 373 U.S. 1, 16 (1963) ("identical

grounds may often be proved by different factual allegations . . . or supported by

different legal arguments . . . or couched in different language . . . or vary in immaterial

respects").

Furthermore, a motion to vacate under section 2255 is not a substitute for direct

appeal, and issues which could have been raised on direct appeal are generally not

actionable in a section 2255 motion and will be considered procedurally barred.  Lynn,

365 F.3d at 1234–35; Bousley v. United States, 523 U.S. 614, 621 (1998);  McKay v.

United States, 657 F.3d 1190, 1195 (11th Cir. 2011).  An issue is "'available' on direct

appeal when its merits can be reviewed without further factual development."  Lynn, 365

F.3d at 1232 n. 14 (quoting Mills, 36 F.3d at 1055).   Absent a showing that the ground

of error was unavailable on direct appeal, a court may not consider the ground in a

section 2255 motion unless the defendant establishes (1) cause for not raising the

ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is,

alternatively, that he is "actually innocent."  Lynn, 365 F.3d at 1234; Bousley, 523 U.S.

at 622 (citations omitted).  To show cause for procedural default, a defendant must

show that "some objective factor external to the defense prevented [him] or his counsel

from raising his claims on direct appeal and that this factor cannot be fairly attributable

to [defendant's] own conduct."  Lynn, 365 F.3d at 1235.  A meritorious claim of

ineffective assistance of counsel can constitute cause.  *See* Nyhuis, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable on direct

appeal and are properly raised by a § 2255 motion regardless of whether they could

have been brought on direct appeal.  Massaro v. United States, 538 U.S. 500, 503

(2003); *see also* United States v. Patterson, 595 F.3d, 1324, 1328 (11th Cir. 2010).  The

benchmark for judging a claim of ineffective assistance of counsel is "whether counsel's

conduct so undermined the proper functioning of the adversarial process that the trial

cannot be relied on as having produced a just result."  Strickland v. Washington, 466

U.S. 668, 686 (1984).  To show a violation of his constitutional right to counsel, a

defendant must demonstrate both that counsel's performance was below an objective

and reasonable professional norm and that he was prejudiced by this inadequacy.

Strickland, 466 U.S. at 686; Williams v. Taylor, 529 U.S. 362, 390 (2000); Darden v.

United States, 708 F.3d 1225, 1228 (11th Cir. 2013).  In applying Strickland, the court

may dispose of an ineffective assistance claim if a defendant fails to carry his burden on

either of the two prongs.  Strickland, 466 U.S. at 697; Brown v. United States, 720 F.3d

1316, 1326 (11th Cir. 2013).

In determining whether counsel's conduct was deficient, this court must, with

much deference, consider "whether counsel's assistance was reasonable considering

all the circumstances." Strickland, 466 U.S. at 688; *see also* Dingle v. Sec'y for Dep't of

Corr., 480 F.3d 1092, 1099 (11th Cir. 2007).  Reviewing courts are to examine

counsel's performance in a highly deferential manner and "must indulge a strong

presumption that counsel's conduct fell within the wide range of reasonable professional assistance." Hammond v. Hall, 585 F.3d 1289, 1324 (11th Cir. 2009) (quoting Strickland, 466 U.S. at 689); Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000); Lancaster v. Newsome, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation")).  Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. Strickland, 466 U.S. at 689.  To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); Chandler, 218 F.3d at 1315.  When examining the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect." Chandler, 218 F.3d at 1316 n.18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. Strickland, 466 U.S. at 694.  For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." Lockhart v. Fretwell, 506 U.S. 364, 369–70 (1993); Allen v. Sec'y, Fla. Dep't of Corr., 611 F.3d 740, 754 (11th Cir. 2010).  A defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Lockhart, 506

U.S. at 369 (quoting <u>Strickland</u>, 466 U.S. at 687).  Or in the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level.  <u>Glover v. United States</u>, 531 U.S. 198, 203–04 (2001).  A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance."  *Id.* at 203.

To establish ineffective assistance, Defendant must provide factual support for his contentions regarding counsel's performance.  <u>Smith v. White</u>, 815 F.2d 1401, 1406–07 (11th Cir. 1987).  Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the <u>Strickland</u> test.  *See* <u>Boyd v. Comm'r, Ala. Dep't of Corr.</u>, 697 F.3d 1320, 1333–34 (11th Cir. 2012); <u>Garcia v. United States</u>, 456 F. App'x 804, 807 (11th Cir. 2012) (citing <u>Yeck v. Goodwin</u>, 985 F.2d 538, 542 (11th Cir. 1993)); <u>Wilson v. United States</u>, 962 F.2d 996, 998 (11th Cir. 1992); <u>Tejada v. Dugger</u>, 941 F.2d 1551, 1559 (11th Cir. 1991); <u>Stano v. Dugger</u>, 901 F.2d 898, 899 (11th Cir. 1990) (citing <u>Blackledge v. Allison</u>, 431 U.S. 63, 74 (1977)); <u>United States v. Ross</u>, 147 F. App'x 936, 939 (11th Cir. 2005).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between."  <u>Chandler</u>, 218 F.3d at 1313.  This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted.  <u>Dingle</u>, 480 F.3d at 1099; <u>Williamson v.

Moore, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to

have been unwise in retrospect, the decision will be held to have been ineffective

assistance only if it was 'so patently unreasonable that no competent attorney would

have chosen it.'" Dingle, 480 F.3d at 1099 (quoting Adams v. Wainwright, 709 F.2d

1443, 1445 (11th Cir. 1983)). The Sixth Circuit has framed the question as not whether

counsel was inadequate, but rather whether counsel's performance was so manifestly

ineffective that "defeat was snatched from the hands of probable victory." United States

v. Morrow, 977 F.2d 222, 229 (6th Cir. 1992).

Although section 2255 mandates that the court conduct an evidentiary hearing

"unless the motion and files and records conclusively show that the prisoner is entitled

to no relief," a defendant must support his allegations with at least a proffer of some

credible supporting evidence. See Chandler v. McDonough, 471 F.3d 1360, 1363 (11th

Cir. 2006) (citing Drew v. Dep't of Corr., 297 F.3d 1278, 1293 (11th Cir. 2002) (referring

to "our clear precedent establishing that such allegations are not enough to warrant an

evidentiary hearing in the absence of any specific factual proffer or evidentiary

support"); Hill v. Moore, 175 F.3d 915, 922 (11th Cir. 1999) ("To be entitled to an

evidentiary hearing on this matter [an ineffective assistance of counsel claim], petitioner

must proffer evidence that, if true, would entitle him to relief.")); Ferguson v. United

States, 699 F.2d 1071, 1072 (11th Cir. 1983). A hearing is not required on frivolous

claims, conclusory allegations unsupported by specifics, or contentions that are wholly

unsupported by the record. Peoples v. Campbell, 377 F.3d 1208, 1237 (11th Cir. 2004);

Tejada, 941 F.2d at 1559; Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir.

1989) (citations omitted).  Likewise, affidavits that amount to nothing more than

conclusory allegations do not warrant a hearing.  <u>Lynn</u>, 365 F.3d at 1239.

<u>Claims in Defendant's Original Amended Motion (doc. 125)</u>

1.  <u>Ineffective assistance of counsel–failure to investigate and obtain witnesses for trial</u>

Defendant contends that counsel was constitutionally ineffective because

counsel failed to interview alibi witnesses who could have testified that Defendant was

somewhere other than where the alleged drug transaction occurred.  Defendant claims

that on the date and time he was accused of setting up a drug deal with CI Carlton

Perry which resulted in the charges in Count Four of the Indictment, he was 60 miles

away in Monticello, Florida (doc. 122 at 26).  First, the court notes that Defendant has

not identified the alleged alibi witnesses.  Even if he had, their testimony would have

been irrelevant.  Regardless of where Defendant may have been at the time he agreed

to participate in the drug deal, the testimony at trial established that Defendant was en

route to the agreed upon location, when, during a valid traffic stop, he was found to be

in possession of various controlled substances.  Defendant can show neither deficient

performance nor prejudice.

2.  <u>Ineffective assistance of counsel– conflict of interest due to counsel's friendship with</u>
<u>investigator</u>

In Defendant's second claim, he appears to allege that counsel's friendship with

his lead investigator created a conflict of interest that worked against Defendant.

Defendant, through counsel, filed an ex parte motion for investigative services

specifically identifying Monica Jordan as the investigator counsel wished to hire (doc.

48).  The court granted the motion and set a monetary cap on the expense that could accrue (doc. 49).

Defendant now contends that when he learned counsel had employed Ms. Jordan, he immediately objected to her involvement in his case because Ms. Jordan was involved with the "representation" of John C. Miller, who had been accused of killing Defendant's brother, Willie L. Cross, III (doc. 122 at 16).  Defendant asserts that prior to Ms. Jordan's employment by counsel, she had visited Defendant while he was incarcerated and warned him that if anything happened to her "client" (Miller), Jordan would ensure that Defendant would be held responsible for it (doc. 122 at 16). Defendant claims that when he told Mr. Greenberg of the possible conflict of interest or bias of Ms. Jordan toward Defendant, counsel responded that "Ms. Jordan was a friend of his, and he would not relieve her" (*id.* at 17).  Defendant also asserts that Ms. Jordan falsely told counsel that no one would speak to her regarding the investigation, when actually she failed to contact any witnesses (*id.* at 27–28).  Defendant has submitted the affidavits of his step-father Willie L. Cross, Jr. and Mr. Cross's girlfriend Nancy Merritt, who each state that they could have been witnesses because one of the alleged controlled substance sales occurred at their home,[6] but that Ms. Jordan never contacted

---

[6]  The Government asserts that none of the three drug buys forming the basis for the charges in this case occurred at the home shared by Cross and Merritt.  However, the court notes that the second controlled purchase occurred at an unspecified address on "Lake Palm Avenue" or "Lake Palm Street" (*see* doc. 101 at 78; PSR ¶ 10).  The third buy also occurred at "the Lake Palm address area" (doc. 101 at 26). Cross and Merritt reside on Lake Palm Drive (*see* doc. 122 at 35, 37).  The Lake Palm location was referred to by Detective Derek Terry at trial as Defendant's uncle's house (doc. 101 at 78, 79, 82), although the Government referred to it merely as Defendant's "relative's home" (*id.* at 82).  Thus, the record does not conclusively establish that the second drug buy did not occur in front of the Cross/Merritt home.  This fact does not alter the court's conclusion that Defendant has failed to show that Cross or Merritt had relevant or exculpatory information.

them (*id.* at 35–38).  Neither affidavit explained what testimony the witness could have

provided and how it would have assisted the defense.  Even the author of Defendant's

final "motion to amend and clarify" admits that there is "no way of knowing either what

Nancy Merritt might have testified to or how much it would have helped" (doc. 148 at 7).

In the motion, the author states that neither "[t]his writer nor the petitioner could possible

[sic] know just what the witness had to say nor how much it would have help" (*id.*).  In

actuality, what the two witnesses had to say, if in fact there was anything of value, could

have easily been set forth in their respective sworn affidavits.  Defendant has failed to

show that there would have been any benefit to interviewing either Merritt or Cross.

Before filing his traverse, Defendant filed a motion to compel in which he sought

disclosure of all investigatory documents in the custody of Ms. Jordan (doc. 136).  He

claimed that she failed to conduct a proper investigation due to her husband's position

as a Leon County Sheriff Vice Detective.  This motion contains nothing more than

speculation about Ms. Jordan's performance on Defendant's case.  In fact, one of the

attachments reveals how Ms. Jordan's work had secured an acquittal in a murder case

in Tallahassee which arguably contradicts Defendant's assertion that Ms. Jordan is

biased in favor of law enforcement (doc. 136 at 7).

There is no suggestion or evidence that Ms. Jordan's husband was in any way

involved in the investigation of Defendant's case.  And, if that were the situation, the

Government could have conceivably argued that it was prejudiced by Ms. Jordan's

involvement.

It is an uncommon occurrence in this court that counsel fails to defend his performance due to the attorney-client privilege. *See* Johnson v. Alabama, 256 F.3d 1156, 1179 (11th Cir. 2001) (attorney-client privilege is waived when a client assails counsel's performance) *citing* Laughner v. United States, 373 F.2d 326 (5th Cir.1967); Crutchfield v. Wainwright, 803 F.2d 1103, 1121 (11th Cir.1986); Smith v. Estelle, 527 F.2d 430, 434 n. 9 (5th Cir.1976)); *cf.* Reed v. Sec'y, Fla. Dep't of Corr., 593 F.3d 1217 (11th Cir. 2010) (denying evidentiary hearing due to petitioner's failure to waive attorney-client privilege); Gary v. Hall, 558 F.3d 1229 (11th Cir. 2009) (petitioner who refused to waive attorney-client privilege was essentially waiving issues related to that privilege). Regardless, Defendant has failed to show anything other than speculation that he was prejudiced by counsel's decision to retain an investigator who, due to a purported conflict of interest, allegedly performed her investigative duties in a deficient manner.

3. Ineffective assistance of counsel– failure to object to taped conversations

Defendant claims that counsel's performance was unconstitutionally deficient in that he failed to object to the introduction of taped recordings of the drug transactions which violated of Federal Rule of Evidence 901. Defendant asserts that he was not conclusively identified as the speaker, and that the contents of the tapes were neither transcribed nor played for the jury, in violation of his right to confront witnesses.

The tapes in question were introduced into evidence during the testimony of Detective Brian Pearson of the Leon County Sheriff's Office. Detective Pearson testified about the use of recording equipment during controlled buys and identified the

recordings of the incidents which were then introduced into evidence (doc. 101 at 19, 24, 25–27).  The tapes were properly authenticated and there was no basis for counsel to make an objection pursuant to Fed.R.Evid. 901.[7]  Counsel is not ineffective for failing to preserve or argue a meritless claim.  Freeman v. Attorney General, Fla., 536 F.3d 1225, 1233 (11th Cir. 2008); *see also* Sneed v. Fla. Dep't of Corr., 496 F. App'x 20 (11th Cir. 2012) (failure to preserve meritless Batson claim not ineffective assistance of counsel);  Lattimore v. United States, 345 F. App'x 506, 508 (11th Cir. 2009) (counsel not ineffective for failing to make a meritless objection to an obstruction enhancement); Brownlee v. Haley, 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues clearly lacking in merit).  Thus, there is no basis for relief.

4.  Ineffective assistance of counsel– failure to object to ambiguity in calculation of sentencing guidelines

Defendant asserts that counsel failed to advocate a base offense level of 34 instead of 37, pursuant to § 4B1.1 of the guidelines, which had a corresponding impact on his sentence.

The provision of the statute supporting Defendant's conviction on Count Four, 21 U.S.C. § 841(b)(1)(B)(iii), provides for a penalty of from ten years to life imprisonment

---

[7]  There is no authority for the proposition that the tapes had to be played for the jury or that a transcript of the English language transactions needed to be prepared.  Defendant's citation to Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968) and the accompanying parenthetical is inapposite (doc. 138 at 13).  The parenthetical, which reads "and that the admission of a tape recording made by one of the victims of a conversation he had with appellant, and the subsequent failure to play this tape to the jury, constitute reversible error" was not an explanation of the holding in Bruton.  Rather, it was taken verbatim from United States v. Liftman, 421 F.2d 981, 982 (2d Cir. 1970) where it was part of a sentence listing claims raised in Liftman's appeal: a Bruton claim and the claim set forth in the parenthetical, neither of which was found to have merit.

for an individual who has a prior felony drug conviction. Therefore, if such an individual also qualifies as a career offender pursuant to § 4B1.1 of the guidelines, as did Defendant in this case,[8] the offense level is 37. U.S.S.G. § 4B1.1(b)(1). Defendant appears to argue that his base offense level should have been determined based on the thirty-year maximum penalty applicable to violations of § 841(b)(1)(C), which provided the basis for his convictions of Counts Two and Three. Section § 4B1.1(b)(2) provides that for offenses with a statutory maximum penalty of twenty-five years or greater, the corresponding base offense level is 34. Had Defendant been acquitted on Count Four, his argument would have merit. However, his argument is foreclosed by the application notes to this guideline which provide that in the event of multiple convictions, to calculate a Defendant's offense level as a career offender, the court must "use the maximum authorized term of imprisonment for the count that has the greatest offense statutory maximum. U.S.S.G. § 4B1.1, comment. (n.2). In this case, Count Four provided the maximum authorized term of life imprisonment, and Defendant's offense level was properly calculated. Counsel is not constitutionally ineffective for his failure to make a frivolous objection and Defendant is not entitled to relief.

---

[8] Defendant's argument in his second amended motion that none of the three convictions used to support the application of the career offender status was actually a proper predicate is baseless. The nature of the convictions was set forth in the Government's notice (doc. 22) and Defendant admitted these convictions at sentencing (doc. 103 at 2–3).

Claim in Second Amended Motion (doc. 135)

Ineffective assistance of counsel – Misleading advice about guilty plea

Defendant claims that counsel misadvised him about the possibility of entering a plea agreement without cooperating.  He claims that he was willing to plead guilty to the factual basis of the Indictment but did not wish to cooperate with the Government in the investigation of others (doc. 135 at 12).

This claim was raised for the first time in Defendant's second amended motion. The second amended motion was filed with the court on July 5, 2012 (doc. 135 at 14), more than one year from the date that the Supreme Court denied certiorari in Defendant's case.  The new claim, which is facially untimely, may only be considered on the merits only if it relates back in time to the initial petition.  In Davenport v. United States, 217 F.3d 1341, 1344 (11th Cir. 2000), the court held that in order to relate back, claims in an amended or supplemental § 2255 motion must arise from the same set of facts as the original claims, not from separate conduct and occurrences in both time and type.  See also Mayle v. Felix, 545 U.S. 654, 664 (2005) (so long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order); Farris v. United States, 333 F.3d 1211, 1215 (11th Cir. 2003); Dean v. United States, 278 F.3d 1218 (11th Cir. 2002); Mandacina v. United States, 328 F.3d 995, 1000–1001 (8th Cir. 2003); United States v. Espinoza-Saenz, 235 F.3d 501, 503-05 (10th Cir. 2000); United States v. Pittman, 209 F.3d 314 (4th Cir. 2000); United States v. Craycraft, 167 F.3d 451, 457 (8th Cir. 1999); United States v. Duffus, 174 F.3d 333, 337 (3d Cir. 1999).  Claims of ineffective assistance of counsel

which arise from separate conduct and occurrences in both time and type do not relate back. <u>Davenport</u>, 217 F.3d at 1346; <u>Farris</u>, 333 F.3d at 1215; *see also* <u>United States v. Craycraft</u>, 167 F.3d 451, 457 (8th Cir. 1999); <u>United States v. Duffus</u>, 174 F.3d 333, 337 (3rd Cir. 1999); <u>United States v. Pittman</u>, 209 F.3d 314 (4th Cir. 2000). Defendant's claim that counsel was constitutionally ineffective because he failed to advise Defendant that he could plead guilty without cooperating with the Government does not "relate back" to his earlier submissions as it is unrelated to any of the claims raised in Defendant's original or amended motions. Therefore, it is time barred.[9]

### Conclusion

For all of the foregoing reasons, the court finds that Defendant has failed to show that any of the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 have merit. Nor has he shown that an evidentiary hearing is warranted. Therefore Defendant's motion should be denied in its entirety.

### Certificate of Appealability

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the

---

[9] Even if the claim were not time barred, it is without merit. Defendant attempted to enter a guilty plea, but disagreed with essential factual elements that ultimately prevented the court from accepting his plea (doc. 28 at 28–34). When the court asked Defendant if he admitted that he had engaged in the conduct charged in Count One, he asked to confer with counsel, who then indicated that there would be no plea (*id.* at 29–30). The record reflects no discussion of any sort about cooperation. Defendant's assertion that he was willing to enter a plea to the factual basis of the Indictment is refuted by the record. Furthermore, even if the court accepts as true Defendant's assertion that he was willing to enter a guilty plea while maintaining his innocence (doc. 135 at 13), the court would not have accepted a plea under such circumstances. As the court told him at the rearraignment proceeding, it would not accept his guilty plea if Defendant believed he was not guilty (doc. 28 at 32).

showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be

filed, even if the court issues a certificate of appealability.  § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of

a constitutional right.  § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84 (2000)

(explaining how to satisfy this showing) (citation omitted).  Therefore, it is also

recommended that the court deny a certificate of appealability in its final order.

The second sentence of  Rule 11(a) provides: "Before entering the final order,

the court may direct the parties to submit arguments on whether a certificate should

issue."  If there is an objection to this recommendation by either party, that party may

bring this argument to the attention of the district judge in the objections permitted to

this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.  The second amended motion to vacate, set aside, or correct sentence (doc.

135) and claims raised in Defendant's earlier amended motion to vacate (doc. 125) be

**DENIED**.

2.  A certificate of appealability be **DENIED**.

At Tallahassee, Florida, this 20th day of September, 2013.


*/s/ Charles A. Stampelos*
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).