IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

vs.                                                  Case Nos.:   4:09cr16/RV/CAS
                                                                                       4:15cv286/RV/CAS

ERIC RANNON ROWLS,

     Defendant.[1]

## **REPORT AND RECOMMENDATION**

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  (Doc. 183).  Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."  After a review of the record, it is the opinion of the undersigned that the court is without jurisdiction to entertain Defendant's motion and that it should be summarily dismissed without prejudice.

---

[1]The docket sheet reflects Defendant's name as Eric Rannon Rowls.  However, Defendant's middle name is actually "Rayonn"  (doc. 28 at 2,4), and Defendant's signature where he has signed his middle name appears in accordance with that.  The court requested that the Government make the amendment (*id*. at 2), although no change is reflected in the record.  The PSR reflects Defendant's name as Eric Raynnon Rowls (doc. 100 at 2).

## BACKGROUND and ANALYSIS

Defendant was charged with four counts of distribution of (an unspecified quantity) of cocaine base and possession with intent to distribute more than five (5) grams of cocaine base, as well as cocaine, MDMA, oxycodone and marijuana (doc. 1). After unsuccessfully attempting to enter a plea, Defendant proceeded to trial and was convicted on all but the first count of the indictment.  (Doc. 78).  The court sentenced Defendant to a term of 360 months imprisonment (*see* docs. 90, 91).

Defendant appealed, claiming that the district court erred in denying his motion to suppress drugs and cash discovered during a traffic stop (doc. 110).  The Eleventh Circuit found no error and affirmed (*id.*), and the United States Supreme Court denied certiorari on March 9, 2011 (doc. 113); United States v. Rowls, 402 F. App'x 467 (11th Cir. 2010), *cert. denied* 131 S.Ct. 1622 (2011).

Defendant timely filed his initial § 2255 motion on March 5, 2012[2] (doc. 122). After various amendments and supplements, it was recommended, and the district court determined, that Defendant's motion should be denied.  (Docs. 154, 156).  The Eleventh Circuit denied relief on appeal, and the Supreme Court denied certiorari on May 5,

---

[2]A pro se inmate's pleading is deemed filed at the time it is placed in the prison mailbox or delivered to prison authorities for mailing.  *See* Houston v. Lack, 487 U.S. 266 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule"); Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (absent evidence to the contrary, court assumes that a pro se petition is delivered to prison authorities for mailing the date it was signed).

2015.  (Docs. 169, 182).  The instant motion to vacate, Defendant's second such motion, was filed on May 26, 2015.

This court does not have jurisdiction to entertain Defendant's motion.   Before a second or successive application for § 2255 relief is filed in the district court, the litigant must typically move in the appropriate court of appeals for an order authorizing the district court to consider the application.  28 U.S.C. § 2244(b)(3) and § 2255(h); Felker v. Turpin, 518 U.S. 651 (1996); United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005); Carter v. United States, 405 F. App'x 409 (11th Cir. 2010).  Defendant's successive motion falls within the larger subset of cases for which such authorization is required, as he is challenging the same judgment he challenged in his initial motion. This authorization is required even when a defendant asserts that his motion is based on the existence of a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.  28 U.S.C. § 2255(h)(2).  Defendant claims he is entitled to relief based on the recent Supreme Court decision in Rodriguez v. United States, 135 S.Ct. 1609 (2015).  Even if Rodriguez is retroactively applicable on collateral review, because Defendant has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive motion, the instant motion to vacate must be dismissed without prejudice.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Court ("§ 2255 Rules") provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant,"

and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of  Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. Defendant's motion to vacate pursuant to 28 U.S.C. § 2255 (doc. 183), be **SUMMARILY DISMISSED**, as this court lacks jurisdiction to consider a successive motion absent authorization from the Eleventh Circuit.

2. A certificate of appealability be **DENIED**.

At Tallahassee, Florida, this  9th  day of June, 2015.

/s/ *CHARLES A. STAMPELOS*
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

Case Nos.: 4:09cr16/RV/CAS; 4:15cv286/RV/CAS

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.